19 A.3d 1016

IN THE MATTER OF HERBERT F. LAWRENCE, AN ATTORNEY AT LAW (ATTORNEY NO. 261181970).

June 9, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–255, concluding that **HERBERT F. LAWRENCE** of **COLLINGSWOOD,** who was admitted to the bar of

this State in 1970, should be censured for violating *RPC* 1.15(a) (failure to safeguard and negligent misappropriation of client funds), *RPC* 1.15(d) and *R.* 1:21–6 (recordkeeping violations);

And the Disciplinary Review Board having further concluded that respondent should be required to deposit the sum of $93,626.76 into his attorney trust account and thereafter to arrange to deposit said funds into the Superior Court Trust Fund as unidentifiable trust funds pursuant to *R.* 1:21–6(j);

And **HERBERT F. LAWRENCE** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that the findings and conclusions of the Disciplinary Review Board, including those in respect of respondent's failure to safeguard client funds, are adopted and we add the following. Although it is beyond cavil that the Office of Attorney Ethics bears the burden of proof on the failure to safeguard charge, it is clear that that burden has been satisfied here. The OAE has proved that respondent accessed his trust account at a time when he was not permitted to do so due to his suspension. Further, respondent conceded that he had destroyed his records, rendering him unable to prove that he had earned fees reflective of the amount taken from that trust account. Although it would have been legitimate, in such circumstances, for respondent to remove the funds from the trust account to pay the monies over to the Superior Court Trust Fund, respondent failed in his duty to safeguard the funds when he transferred the monies to his own personal account. Accordingly, we concur in the Disciplinary Review Board's finding, based on the clear and convincing evidence standard, that respondent failed to safeguard client funds, and **HERBERT F. LAWRENCE** is hereby censured; and it is further

ORDERED that within ninety days after the filing date of this Order, **HERBERT F. LAWRENCE** shall submit a check in the amount of $93,626.76 to the Clerk of the Superior Court for

deposit to the Superior Court Trust Fund as unidentifiable trust funds pursuant to *R.* 1:21–6(j), and the funds shall remain in trust for the beneficial owners or for ultimate disposition by Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.